## CIRCUIT COURT OF FAIRFAX COUNTY

Angela T. Gerald

v.

Brent E. Gerald

June 2, 1995

Case No. (Chancery) 119522

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the Defendant's claim of certain exemptions as to property levied upon by a sheriff at the request of Ms. Gerald for unpaid child support by Mr. Gerald. For the reasons stated below, the Court denies the exemptions claimed by Mr. Gerald pursuant to § 34-26 of the Code of Virginia. The Court upholds the exemptions claimed on property allegedly belonging to Mr. Gerald's current wife and quashes the levy upon those items.

The decision as to § 34-26 exemptions requires this Court to construe apparently conflicting statutes. Title 34 of the Code of Virginia provides a debtor with homestead and other exemptions. Chapter 2 of Title 34 provides for homestead exemptions, and Chapter 3 provides for other exemptions. Before 1991, § 34-26 (found in Chapter 3) provided that in addition to Chapter 2 exemptions, every householder was entitled to hold exempt from creditor process certain enumerated items. Section 34-26 further provided that, "[n]o officer or other person shall levy or distrain upon, or attach, such articles, or otherwise seek to subject such articles to any lien or process." The statute is entitled "Poor debtor's exemption; exempt articles enumerated."

Also before 1991, § 34-5 of the Code of Virginia provided that "[t]he exemptions created under §§ 34-4, 34-4.1, 34-26, 34-27, and 34-29 shall not be claimed against the following debts . . . . 2. For spousal or child support obligations." Thus, prior to 1991, although § 34-26 created certain poor debtor's exemptions and prohibited any officer from levying upon those articles, § 34-5 provided that the § 34-26 exemptions could not be

claimed against debts for spousal or child support obligations. Clearly, before 1991, Mr. Gerald's § 34-26 exemptions claimed here would fail. The legislature's clear intent was that poor debtor (and other) exemptions would be upheld in nearly all instances, but not in the face of claims for child or spousal support.

Effective July 1, 1991, § 34-5 was amended to provide: "The property exemptions created under this Code shall not be claimed under the following debts . . . . 2. For spousal or child support obligations." The word "property" was inserted before "exemptions"; and "created under this Code" was inserted in place of specific statutes, including § 34-26.

Effective July 1, 1993, an additional sentence was added to § 34-26 that provided: "It shall not be required that a householder designate any property exempt under this section in a deed in order to secure such exemption." Defendant argues that the recent amendments to §§ 34-5 and 34-26 combine to yield a different result as to Mr. Gerald's present exemption claim. This Court disagrees.

Defendant asserts that the change to § 34-5 no longer makes the limitations imposed by that section applicable to § 34-26 exemptions. While the prior version of § 34-5 placed limitations on use of exemptions from five particular statutes (including § 34-26), the present wording of § 34-5 is more expansive, placing those limitations on *all* property exemptions created by the Code of Virginia. That includes § 34-26 debtor exemptions.

The revision to § 34-26 provides that the exemption under that statute is automatic and need not be designated by the debtor (as, for example, a homestead exemption would have to be). But it is clear that such revision does not take § 34-26 out of the scope of § 34-5, which applies to every exemption[1] created by the Code.

In short, § 34-5 of the Code makes all property exemptions created by the Code inapplicable to child and spousal support debts. Section 34-26 is a property exemption created by the Code (albeit automatic, rather than having to be claimed). It may not be claimed against child and spousal support debts. For these reasons, the § 34-26 exemptions claimed by Mr. Gerald are denied. (The Court recognizes that the exemption claim form provided by the court and filed by the defendant in this matter is written in

---

[1] Section 34-1 of the Code defines "exempt" as "protected from all forms of creditor process," "exemption" as "protection from all forms of creditor process," and "creditor process" as "all methods used by creditors to collect unsecured debts."

a way that suggests that § 34-5 does not preclude a § 34-26 exemption. To the extent the form suggests that result, it is incorrect.)

Based upon the defendant's testimony at the exemption hearing, the Court does find that the microwave and the VHS remote belong to the defendant's wife and are exempt from levy.